

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00582-CR

Timothy Paul **MURNANE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR12995
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: January 27, 2021

APPEAL DISMISSED

On November 16, 2020 appellant Timothy Murnane filed a notice of appeal. When the clerk's record was filed on December 3, 2020, it contained a trial court's certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record also contained the written plea bargain, established that the punishment assessed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, and supported the trial court's certification that the underlying case is a plea-bargain case. *See id.* R. 25.2(a)(2), 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* R. 25.2(a). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d).

On December 8, 2020, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record by January 7, 2021. *See id.* R. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). Neither an amended certification nor other response has been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish